UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

PATRICIA CASTILLO,                        :
                                          :          REPORT AND
                            Plaintiff,    :          RECOMMENDATION
                                          :
          -against-                       :          1:22-CV-5476 (AMD)(PK)
                                          :
HOLLIS DELICATESSEN CORP. and             :
HOLLIS DELI & GRILL CORP. (DBA Hollis     :
Deli),                                    :
                                          :
                            Defendants.   :
------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge:**

      Patricia Castillo ("Plaintiff") brought this action against Hollis Delicatessen Corp. and Hollis Deli & Grill Corp. (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.* (*See* First Amended Complaint, "Compl.," Dkt. 21.) Plaintiff has moved for default judgment against Defendants. ("Motion," Dkt. 31.)[1] The Honorable Ann M. Donnelly referred the Motion to me for a report and recommendation. For the reasons stated herein, I respectfully recommend that the Motion be granted in part and denied in part, as set forth below.

**BACKGROUND**

## I.    Factual Background

      The following facts are taken from the First Amended Complaint ("Compl.," Dkt. 21), Plaintiff's Memorandum in Support of Application for Default Judgment ("Pl. Mem.," Dkt. 31), and the Declarations of Lina Stillman ("Stillman Decl.," Dkt. 31-2) and Patricia Castillo ("Castillo Decl.," Dkt. 31-3), and are accepted as true for purposes of the Motion. *See Finkel v. Romanowicz*, 577 F.3d 79,

---

[1] Although Plaintiff originally brought this suit as a class action, she only sought relief on an individual basis in the Motion.

84 (2d Cir. 2009).

Defendants jointly own and operate a delicatessen and full-service restaurant in Queens, New York.  (Compl. ¶ 3; Pl. Mem., 8–9; Castillo Decl. ¶ 4.)  Plaintiff alleges that Defendants achieved at least $500,000.00 in gross annual volume of sales for calendar years 2016 through 2023.  (Compl. ¶ 33; Castillo Decl. ¶ 7.)

Defendants, through their principals and owners, exercised control over Plaintiff's working situation, including the power to hire and fire Plaintiff and to set and maintain practices with respect to Plaintiff's scheduling, terms of employment, and compensation.  (Compl. ¶¶ 37, 41–42; Castillo Decl. ¶ 5.)  In her position as a cook, Plaintiff performed physical labor, such as main and side dish preparation and cooking, and kitchen clean-up.  (Id. ¶ 47; Castillo Decl. ¶¶ 4, 6.)  Plaintiff was paid hourly, in cash, and received no statement of wages.  (Compl. ¶¶ 47, 54, 56.)  Defendants' operations relied on food and drinks manufactured outside of New York and delivered across state lines.  (Id. ¶ 34; Castillo Decl. ¶ 7.)

Plaintiff was employed as a cook at Defendants' establishment from August 18, 2016 through September 2, 2022.  (Compl. ¶¶ 45, 49; Castillo Decl. ¶ 4.)  Plaintiff worked ten-hour shifts six days a week (from 6:00 a.m. to 4:00 p.m.) for a total of sixty hours per week.  (Compl. ¶ 53; Castillo Decl. ¶ 8.)  Plaintiff was paid $12.50 an hour from August 18, 2016 to December 2021.[2]  (Compl. ¶ 54; Castillo Decl. ¶ 9, 16.)  From December 2021 until September 2, 2022, she was paid $15.00 per hour.  (Id. ¶ 54; Castillo Decl. ¶ 9.)

---

[2] Plaintiff's Affidavit, First Amended Complaint, and Memorandum of Law all refer to her being paid at a rate of $12.50 per hour until December 2021.  Therefore, although Plaintiff's chart of alleged damages ("Damages Chart," Dkt. 31-5) calculates damages based on Plaintiff receiving a raise to $15.00 in January 1, 2021, I consider the date in the Damages Chart to be in error.

Plaintiff was never paid overtime for hours worked in excess of forty hours per week. (Compl. ¶ 55; Castillo Decl. ¶ 10.) She did not receive any wage statements or wage notice. (Compl. ¶¶ 56–57.)

## II.    Relevant Procedural Background

Plaintiff filed her original complaint on September 13, 2022 (Dkt. 1) and the First Amended Complaint on June 27, 2023. (Dkt. 21.) Plaintiff alleged causes of action against Defendants for minimum wage violations under the FLSA and the NYLL, overtime violations under the FLSA and the NYLL, failure to pay spread of hours compensation under NYLL,[3] failure to provide payroll notices under NYLL § 195(1), and failure to provide wage statements under NYLL § 195(3). (Compl. ¶¶ 55–58.)

Upon Plaintiff's motion, the Court dismissed the claims against individual defendants Sayad Mokbel and Abdulrab Yafei. (Dkts. 27–28.) Plaintiff effectuated service of the First Amended Complaint on Defendants on July 6, 2023, by delivering a copy to an authorized agent of the New York Secretary of State. *See* N.Y. Bus. Corp. Law § 306(b)(1); Fed R. Civ. P. 4(h)(1)(B); (Dkts. 24–25). Defendants failed to appear. (Dkts. 24–25.) Plaintiff requested certificates of default against Defendants, which the Clerk of Court entered on August 23, 2023. (Dkts. 29–30.) Plaintiff filed the Motion on September 11, 2023, requesting default judgment. (Motion, Dkt. 31.)

## DISCUSSION

## I.    Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure prescribes a two-step process for entry of a default judgment. First, when a defendant "has failed to plead or otherwise defend," the Clerk of

---

[3] Plaintiff also alleges a cause of action for failing to satisfy the FLSA's recordkeeping requirements. However, "there is no private right of action for recordkeeping claims under the FLSA." *Hernandez v. Staten Island Univ. Hosp./Northwell Health,* No. 22-CV-3572 (RPK)(JRC), 2023 WL 7000876, at *4 (E.D.N.Y. Aug. 18, 2023) (collecting cases); *see also Leo v. Province Therapeutics, LLC,* No. 23-CV-5418 (NJC) (JMW), 2024 WL 456824 at *8 (E.D.N.Y. Feb. 6, 2024).

Court enters the defendant's default. Fed. R. Civ. P. 55(a). The plaintiff may then move the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2). However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). The court "may first assure itself that it has personal jurisdiction over the defendant." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (internal quotations omitted). The plaintiff must demonstrate proper service of the summons and complaint, *see Advanced Cap. Com. Grp., Inc. v. Suarez*, No. 09-CV-5558 (DRH)(GRB), 2013 WL 5329254, at *2 (E.D.N.Y. Sept. 20, 2013), and establish compliance with the procedural requirements of Local Civil Rules 7.1 and 55.2.[4]

In addition, the court must also determine whether the plaintiff's "allegations establish [the defendant's] liability as a matter of law." *Finkel*, 577 F.3d at 84. "[A] party's default is deemed to constitute a concession of all well[-]pleaded allegations of liability . . . ." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). In considering a motion for default judgment, a court accepts a plaintiff's "factual allegations as true and draw[s] all reasonable inferences in [the plaintiff's] favor . . . ." *Finkel*, 577 F.3d at 84. However, a default is "not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. "The plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence or detailed affidavits." *Joe Hand Promotions, Inc. v. Benitez*, No. 18-CV-6476 (ARR)(PK), 2020 WL 5519200, at *3 (E.D.N.Y. Aug. 27, 2020), *R&R adopted*, 2020 WL 5517240 (E.D.N.Y. Sept. 14, 2020).

In the context of a motion for default judgment on FLSA and NYLL claims, "the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012); *see Santillan v. Henao*, 822 F. Supp. 2d 284, 294 (E.D.N.Y.

---

[4] Since Plaintiff's Motion was filed before July 1, 2024, when the current version of the Local Civil Rules took effect, but after October 15, 2021, when the previous version of the Local Civil Rules took effect, all references herein to the Local Civil Rules are to the version of the rules effective as of October 15, 2021.

2011) ("[I]n the absence of rebuttal by defendants, or where the employer has defaulted, as here, the employee's recollection and estimates of hours worked are presumed to be correct . . . ." (quotations, citations, and alterations omitted)).

A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established . . . ." *Klideris v. Trattoria El Greco*, No. 10-CV-4288 (JBW)(CLP), 2011 WL 7114003, at *2 (E.D.N.Y. Sept. 23, 2011), *R&R adopted*, 2012 WL 273078 (E.D.N.Y. Jan. 30, 2012).

## II.    Jurisdiction and Default

### A.    *Subject Matter Jurisdiction*

The Court has original subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

### B.    *Service on Defendants*

Plaintiff served the First Amended Complaint on Defendants on July 6, 2023 by delivering the Complaint in person and leaving a copy of the Summons and Complaint with an authorized agent of the New York Secretary of State.   N.Y. Bus. Corp. Law § 306(b)(1); (Dkts. 24–25).  This constitutes proper service.  *See* N.Y. Bus. Corp. Law § 306(b)(1); Fed R. Civ. P. 4(h)(1)(B).

### C.    *Personal Jurisdiction*

"[S]erving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (quoting Fed. R. Civ. P. 4(k)(1)(A)).

New York has general jurisdiction over corporations formed under its laws and operating within the state.  *Francis v. Ideal Masonry, Inc.*, No. 16-CV-2839 (NGG)(PK), 2018 WL 4292171, at *3 (E.D.N.Y. Aug. 3, 2018), *R&R adopted*, 2018 WL 4288625 (E.D.N.Y. Sept. 7, 2018).  Defendants are

both New York corporations.  (Pl. Mem., 8.)  Accordingly, the Court has personal jurisdiction over Defendants.

### III.    Procedural Compliance with Local Civil Rules 7.1 and 55.2

As part of this Motion and in compliance with the Local Civil Rules, Plaintiff included a Notice of Motion, (Dkt. 32); *see* Local Civil Rule 7.1(a)(1); a Memorandum of Law in support of the Motion, (Dkt. 31); *see* Local Civil Rule 7.1(a)(2); a copy of the Clerk's Certificate of Default against Defendants, (Dkt. 30); *see* Local Civil Rule 55.2(b)(1); a copy of the First Amended Complaint, (Dkt. 21); *see* Local Civil Rule 55.2(b)(2); proof of service of the First Amended Complaint, (Dkts. 24, 25); *see* Local Civil Rule 55.1(b)(3); and proof of mailing the motion papers to Defendants at their last known addresses, (Dkt. 32); *see* Local Civil Rule 55.2(c).  Thus, compliance with the Local Civil Rules is satisfied.

### IV.    Liability under the FLSA and NYLL

#### A.    *Statute of Limitations*

The FLSA statute of limitations is two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued . . . ."  29 U.S.C. § 255(a).  "When a defendant defaults, the violation is considered 'willful' and the three year statute of limitations applies."  *Rodriguez v. Queens Convenience Deli Corp.*, No. 09-CV-1089 (KAM)(SMG), 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011) (citing *Blue v. Finest Guard Servs., Inc.*, No. 09-CV-133 (ARR), 2010 WL 2927398 (E.D.N.Y. June 24, 2010)).  "The statute of limitations starts to run when the employee begins to work for the employer."  *Id.* (citation omitted).

Under the NYLL, the statute of limitations is six years.  *See* NYLL §§ 198(3), 663(3).

Plaintiffs commenced this action on September 13, 2022, alleging violations that occurred during their employment from August 2016 until September 2022.  (Dkt. 21.)  Defendants have defaulted, so the three-year FLSA statute of limitations applies.  Plaintiffs may accordingly recover under the FLSA for any claims that have accrued from September 13, 2019 onwards.  Under the six-

year NYLL statute of limitations, Plaintiff may recover for any claims that accrued starting on September 13, 2016.

### B.  Employment Relationship Under the FLSA

The FLSA is to be "construed . . . liberally" because its "broad coverage is essential to accomplish the goal of outlawing from interstate commerce goods produced under conditions that fall below minimum standards of decency." *Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 296 (1985) (citations omitted).  "To plead a cause of action under the FLSA, [a plaintiff] must establish that: (1) defendant is an employer subject to the FLSA; (2) plaintiff is an employee within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA." *Rowe v. CC Rest. & Bakery, Inc.,* No. 17-CV-01423 (CBA)(PK), 2019 WL 4395158, at *4 (E.D.N.Y. Aug. 15, 2019), *R&R adopted*, 2019 WL 4393987 (E.D.N.Y. Sept. 13, 2019) (citing *Saucedo v. On the Spot Audio Corp.*, No .16-CV-451 (CBA)(CLP), 2016 WL 8376837, at *4 (E.D.N.Y. Dec. 21, 2016), *R&R adopted*, 2017 WL 780799 (E.D.N.Y. Feb. 28, 2017) (vacated on other grounds)).  Courts in the Second Circuit have "treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141–42 (2d Cir. 2008).

#### 1.  Whether Defendants are Employers

The FLSA broadly describes an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and does not define the term "employer" in the first instance.  *Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013). "[E]mployment for FLSA purposes [is] a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Id.* at 104 (quoting *Barfield*, 537 F.3d at 142).

A defendant is an employer under the FLSA if it meets the criteria for either enterprise or individual coverage.  *See Rowe*, 2019 WL 4395158, at *4.  The individual coverage test considers the

"employment actions of each" plaintiff to determine whether "the employees themselves are 'engaged in commerce.'" *Id.* Even if the plaintiffs are not themselves engaged in commerce, a defendant may meet the enterprise coverage test if the defendant has employees engaged in commerce or in the production of goods for commerce, "or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i-ii); *see also Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015). "Commerce" is "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). Even local activities may meet this test if "an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce . . . ." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011) (quoting *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998)).

Plaintiff alleges that Defendants made at least $500,000 in annual revenue and that Defendants are employers engaged in interstate commerce (or are alternatively engaged in the production of goods for interstate commerce). (Compl. ¶¶ 33, 34.) Plaintiff also alleges that she handled goods, such as food and drinks, that were produced or manufactured beyond New York State lines. (Castillo Decl. ¶ 7.) These allegations are sufficient to establish that Defendants were required to comply with FLSA's minimum wage and overtime requirements. *Huerta v. Victoria Bakery*, No. 10-CV-4754 (RJD)(JO), 2012 WL 1107655, at *2 (E.D.N.Y. Mar. 30, 2012) (courts can "infer[ ] the requisite interstate commerce connection under [a] sensible approach . . . ."). Because Plaintiff was engaged in food service work (among other tasks), it is reasonable to infer that she handled tools and materials that were moved via interstate commerce. *See Galicia v. 63-68 Diner Corp.*, No. 13-CV-3689 (PKC), 2015 WL 1469279, at *2 (E.D.N.Y. Mar. 30, 2015) (similarly inferring that a diner's busboy "handle[d]

goods or materials that have moved in interstate commerce"); *see also Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 346 (E.D.N.Y 2014) (collecting cases).

### 2.    Whether Plaintiff was an Employee

An "employee" under the FLSA is likewise broadly defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1).  Plaintiff states she was employed by Defendants as a non-tipped cook from 2016 through 2022.  (Compl. ¶¶ 45, 49; Castillo Decl. ¶ 4; Stillman Decl. ¶ 6.)  Since (as discussed *supra*) Defendants served as Plaintiff's employer, this is sufficient to establish that Plaintiff was an employee under the FLSA.

### 3.    Whether any FLSA exemption applies

Finally, Plaintiff must show that she is not exempt from the FLSA's protections.  *Fermin*, 93 F. Supp. 3d at 32.  "Section 13 of the FLSA contains a litany of exemptions to the minimum wage requirement." *Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 454 (S.D.N.Y. 2014), *aff'd sub nom. Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72 (2d Cir. 2015).

As a cook, Plaintiff is not exempt from the FLSA's protections.  (Compl. ¶¶ 45, 47; Castillo Decl. ¶ 6); *see Fermin*, 93 F. Supp. 3d at 32 (explaining that jobs such as "waiter, kitchen helper/food preparer, cook and dishwasher all constitute non-exempt employment under the FLSA").

## A.    *Whether Defendants are Joint Employers*

"[A]n employee may be jointly employed by two or more employers," and "[i]n such cases, joint employers are subject to joint and several liability for FLSA violations." *Michalow v. E. Coast Restoration & Consulting Corp.*, No. 09-CV-5475 (SLT)(RML), 2017 WL 9400690, at *4 (E.D.N.Y. July 11, 2017), *R&R adopted*, 2018 WL 1559762 (E.D.N.Y. Mar. 31, 2018).  Plaintiff argues that Defendants were her joint employers.  (*See* Compl. ¶ 38.)

Courts use two alternative tests to assess whether separate defendants acting in concert may be jointly liable for violations of labor laws: the "single integrated enterprise test" or the "joint

employer test." See *Galicia v. Ice Cream House on Bedford Ave LLC*, No. 16-CV-6738 (CBA)(PK), 2017 WL 6733985, at *2 (E.D.N.Y. Oct. 17, 2017), *R&R adopted*, 2017 WL 6759299 (E.D.N.Y. Dec. 29, 2017).

The single integrated enterprise test "assesses whether nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a single employer." *Id.*, 2017 WL 6733985, at *2 (quotation and citation omitted). Under this test, "courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Apolinar v. R.J. 49 Rest.*, LLC, No. 15-CV-8655 (KBF), 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016) (quotation and citation omitted).

Defendants are part of a single integrated enterprise. Both Defendants were owned, operated, and managed by Sayad Mokbel and Abdulrab Yafei (former defendants now dismissed from the case). (Compl. ¶ 35.) Plaintiff alleges that Mokbel and Yafei had operational control over, and an ownership interest in, each Defendant, and that they managed critical functions of these corporations. (*Id.*) Plaintiff also states that each Defendant paid employees via the same method, shared control over employees, possessed substantial control over Plaintiff and other employees' working conditions, and possessed substantial control over employment and compensation policies and practices related to Plaintiff and other employees. (*Id.* ¶¶ 36–37.) Plaintiff also states that each Defendant held the power to hire and fire Plaintiff and other employees, to create their schedules and control the conditions of their employment, to determine their compensation and rate and method of payment, and to maintain employment recordkeeping. (*Id.* ¶¶ 37, 41–42, 44.) Plaintiff separately notes that her schedule and assigned tasks were fully controlled by Defendants. (*Id.* ¶ 46.) These allegations are sufficient to establish that Defendants are a single integrated enterprise, and, therefore, jointly liable for violations of labor laws.

### B.    *Employment Relationship Under the NYLL*

To prevail on a NYLL claim, Plaintiff must establish that her employment relationship with Defendants falls within the NYLL, which applies to "any person employed for hire by an employer in any employment." NYLL § 190. "Unlike the FLSA, the NYLL does not require that a defendant achieve a certain minimum in annual sales or business in order to be subject to the law." *Garcia v. Badyna*, No. 13-CV-4021 (RRM)(CLP), 2014 WL 4728287, at *6 (E.D.N.Y. Sept. 23, 2014). Otherwise, the NYLL's definition of "employer" is "nearly identical" to that of the FLSA, and the analysis of the employment relationship under both statutes is based on the same factors. *See Mahoney v. Amekk Corp.*, No. 14-CV-4131 (ENV)(VMS), 2016 WL 6585810, at *9 (E.D.N.Y. Sept. 30, 2016), *R&R adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016) (collecting cases holding that the FLSA and NYLL are interpreted consistently with one another on the question of employer status).

As the NYLL and FLSA definitions of "employer" are essentially coextensive, *see Fermin*, 93 F. Supp. 3d at 37, Defendants are Plaintiff's employers within the meaning of the NYLL, and the NYLL applies to the instant dispute.

### C.    *Minimum Wage Claims*

Under both the FLSA and the NYLL, employees must be paid at least the minimum hourly wage for each hour that they work. 29 U.S.C. § 206; NYLL § 652. "The federal minimum wage does not preempt the state minimum wage, and a plaintiff may recover under whatever statute provides the highest measure of damages." *Wicaksono v. XYZ 48 Corp.*, No. 10-CV-3635 (LAK)(JCF), 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011), *R&R adopted*, 2011 WL 2038973 (S.D.N.Y. May 24, 2011) (internal citations omitted); *see also* 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter . . . .").

The federal minimum wage has been $7.25 since July 24, 2009. *See* U.S. Dep't of Labor, *History*

*of Federal Minimum Wage Rates Under the Fair Labor Standards Act, 1938–2009*, https://www.dol.gov/agencies/whd/minimum-wage/history/chart (last visited June 13, 2024). Because Plaintiff was paid above that amount throughout her employment, Defendants did not violate the FLSA's minimum wage requirement.

The applicable minimum wage in New York City depends on the size of the employer. NYLL § 652(1)(a)(i) (distinguishing between "large employers" of eleven or more employees and "small employers" of ten or fewer employees). Plaintiff does not state how many employees worked for Defendants. I, therefore, calculate her wage with reference to the rate applicable to businesses with ten or fewer employees. (*See* Chart, Dkt. 31-5 (Plaintiff referring to a similar rate in calculating unpaid wages and overtime).) The New York minimum wage for New York City businesses with ten or fewer employees was $9.00 per hour from December 31, 2015 to December 30, 2016; $10.50 per hour from December 31, 2016 to December 30, 2017; $12.00 per hour from December 31, 2017 to December 30, 2018; $13.50 per hour from December 31, 2018 to December 30, 2019; and $15.00 per hour from December 31, 2019 to January 1, 2024. NYLL § 652(1)(a)(ii).

From the beginning of the relevant time period, September 13, 2016, to December 2021, Plaintiff was paid at a rate of $12.50 per hour. (*See* Compl. ¶ 54.) As of December 31, 2018, this hourly rate was below the New York minimum wage rate. NYLL § 652(1)(a)(ii). Accordingly, Defendants are liable for failure to pay minimum wages under the NYLL during that time.

### D.    Overtime Claims

Under both the FLSA and the NYLL, an employee must "be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)); *see also* NYLL §§ 650 *et seq.*; 12 N.Y.C.R.R. § 142-2.2). To support "a reasonable inference" that he or she worked more than forty hours in a given week, *Nakahata*, 723 F.3d at 201, a plaintiff

must allege some uncompensated time in excess of forty hours of work, *Lundy v. Cath. Health Sys. of Long Island Inc.,* 711 F.3d 106, 114 (2d Cir. 2013), and provide "sufficient detail about the length and frequency" of the unpaid work. *Nakahata*, 723 F.3d at 201; *see also Fermin*, 93 F. Supp. 3d at 44–45 (allegation that plaintiff worked over forty hours a week was sufficient to establish a claim for overtime).

Plaintiff alleges that she worked from 6:00 a.m. to 4:00 p.m. six days a week, resulting in her working sixty hours per week from August 18, 2016 until September 2, 2022. (Compl. ¶¶ 49, 52–53; Castillo Decl. ¶ 8.)  Defendants did not pay her any overtime premium for the hours she worked over forty per week.  (Compl. ¶¶ 29–30; Castillo Decl. ¶¶ 9–10.)  These allegations are sufficient to establish Defendants' liability for failure to pay Plaintiff overtime under both the FLSA and the NYLL during the time within the statute of limitations.  *See Newman v. W. Bar & Lounge, Inc.*, No. 20-CV-1141 (KAM)(RER), 2021 WL 2401176, at *7 (E.D.N.Y. June 11, 2021) (upon default, a plaintiff's sworn statement estimating his schedule and pay was enough to establish that he worked over forty hours a week without time-and-a-half compensation, subjecting defendants to liability under the FLSA and the NYLL.).

### E.     Spread of Hours Claims

Pursuant to NYLL § 142-2.4, "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required [under this Section 142] for any day in which . . . the spread of hours exceeds 10 hours."  NYLL § 142-2.4.  The "spread of hours" is defined as "the interval between the beginning and end of an employee's workday," including "working time plus time off for meals plus intervals off duty."  *Id.* § 142-2.18.

Plaintiff worked 10 hours per day, but has not alleged any period during which she worked <u>over</u> ten hours per day.  Therefore, Plaintiff has not established that Defendants failed to comply with New York's spread of hours requirement.

### F.    Wage Notice and Wage Statement Claims

Plaintiff alleges violations of NYLL §§ 195(1) and 195(3), the statute's wage notice and statement provisions. (Compl. ¶¶ 56–57.) Section 195(1)(a) requires employers to provide employees at the time of hire with a wage notice containing, *inter alia,* the rate of pay, the basis thereof, the pay schedule, and information identifying the employer in both English and the primary language of the employee. Section 195(3) requires employers to provide employees with "a statement with every payment of wages" listing various information, including the dates of work covered by the payment, information identifying the employer and employee, details regarding the rate of pay and the overtime rate of pay, and the number of hours worked. NYLL §§ 198(1-b) and 198(1-d) impose statutory damages for violations of these provisions.

Here, Plaintiff alleges that she did not receive the required wage notice and statements. She also alleges that Defendants were able to hide their violations of wage and hour laws and take advantage of Plaintiff's relative lack of sophistication by failing to provide her with wage information. (Compl. ¶ 61.) Plaintiff's allegations establish Article III standing by "link[ing]" Defendants' failure to provide Plaintiff with wage information to the failure to lawfully compensate her. *Gaskin v. Brooklyn Suya Corp.,* No. 22-CV-5648 (ENV)(LB), 2023 WL 9232962, at *9 (E.D.N.Y. Oct. 26, 2023) (finding a plaintiff's allegation that "defendant did not provide wage statements and notices to 'disguise the actual numbers of hours the [p]laintiffs . . . worked and to avoid paying at the minimum wage rate and an overtime wage . . . .'" sufficient for standing purposes); *see also Stih. v. Rockaway Farmers Mkt., Inc.,* No. 22-CV-3228 (ARR)(RER), 2023 WL 2760492, at *7 (E.D.N.Y. April 3, 2023) (finding that a plaintiff's allegation that a defendant's failure to provide proper wage notes "'den[ied] him the right to be adequately apprised of the terms and conditions of his employment…'" sufficient to demonstrate a tangible injury resulting from the violation); *see also Mateer v. Peloton Interactive, Inc.,* No. 22-CV-740 (LGS), 2022 WL 2751871, at *2 (S.D.N.Y. July 14, 2022) (finding that a plaintiff's

allegation that the defendant's violation resulted in the underpayment of wages and monetary injury outlined a concrete harm sufficient to establish Article III standing).

Therefore, I find Plaintiff's allegations sufficient to establish liability for violations of NYLL §§ 195(1)(a) and 195(3).

## V.    **Damages**

### A.    *Minimum Wage Damages*

Plaintiff's minimum wage damages under the NYLL are calculated by taking the difference between Plaintiff's regular hourly rate of pay and the New York minimum wage—$13.50 in 2019 and $15.00 per hour in 2020 and 2021—multiplied by the number of hours worked per week.

| Time Period | Hours Worked Per Week | Regular Hourly Rate of Pay | New York Minimum Wage | Hourly Under-payment | Weekly Under-payments | Number of Weeks | Total Underpayments |
|---|---|---|---|---|---|---|---|
| Dec. 31, 2018–Dec. 30, 2019 | 60 | $12.50 | $13.50 | $1.00 | $60.00 | 52 | $3,120.00 |
| Dec. 31, 2019–Dec. 31, 2021 | 60 | $12.50 | $15.00 | $2.50 | $150.00 | 104 | $15,600.00 |
| | | | | | | **Total:** | $18,720.00 |

Accordingly, I respectfully recommend that Plaintiff be awarded $18,720.00 in minimum wage damages under the NYLL.

### B.    *Overtime Damages*

Plaintiff is entitled to an overtime premium for all hours worked over forty at 1.5 times the greater of her regular rate of pay or the minimum wage under either the NYLL or FLSA. *See, e.g.,* *Perez Campos v. Quentin Mkt. Corp.*, No. 16-CV-5303, 2018 WL 9945754, at *4, *8 (E.D.N.Y. Oct. 17, 2018).

Because the minimum wage under the NYLL is higher than that under the FLSA, I calculate Plaintiff's overtime damages with reference to the New York minimum wage whenever Plaintiff's regular rate of pay was below the minimum wage. The following table shows Plaintiff's overtime damages for the hours she worked in excess of forty hours per week.

| Time Period | Applicable Rate of Pay | Overtime Hours per Week | Overtime Premium (0.5 x Reg. Rate of Pay) | Weekly Overtime Underpayments | Number of Weeks | Total Overtime Underpayments |
|---|---|---|---|---|---|---|
| Sept. 13, 2016–Dec. 30, 2018 | $12.50 | 20 | $6.25 | $125.00 | 119 | $14,875.00 |
| Dec. 31, 2018–Dec 30, 2019 | $13.50 | 20 | $6.75 | $135.00 | 52 | $7,020.00 |
| Dec. 31, 2019–Sept. 2, 2022 | $15.00 | 20 | $7.50 | $150.00 | 139 | $20,850.00 |
| | | | | | | **Total: $42,745.00** |

Accordingly, I respectfully recommend that Plaintiff be awarded $42,745.00 in unpaid overtime.

### C.    *Wage Notice and Wage Statement Damages*

Violations of NYLL § 195(1) carry damages of $50.00 per workday for a maximum of $5,000.00, along with costs and attorneys' fees. NYLL § 198(1-b). Violations of NYLL § 195(3) carry damages of $250.00 per workday for a maximum of $5,000.00, along with costs and attorneys' fees. NYLL § 198(1-d).

Because Plaintiff never received a wage notice or wage statements from Defendants and she worked for Defendants more than 100 days, she is entitled to maximum damages under both provisions. *See, e.g., Jin v. Shanghai Original, Inc.*, No. 16-CV-5633 (ARR)(JO), 2019 WL 3244187, at *5 (E.D.N.Y. July 19, 2019) (awarding $5,000 under Section 195(3) because the plaintiff worked without

receiving paystubs for more than twenty days).

Accordingly, I respectfully recommend that Plaintiff be awarded $5,000.00 in damages under Section 195(1) and $5,000.00 in damages under Section 195(3).

### D.    Liquidated Damages

An employee may recover liquidated damages under either the FLSA or NYLL equal to the amount owed for unpaid minimum wage and overtime compensation.  29 U.S.C. § 216(b); NYLL § 198(1-a).

If the employer shows that "the act or omission giving rise to such action was [performed] in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the FLSA or NYLL, a court may decide not to award liquidated damages.  29 U.S.C. § 260; *see* NYLL § 198(1-a).  Because Defendants did not respond to the Motion, there is no showing of good faith, and liquidated damages are appropriate.  *See, e.g., Herrera v. Tri-State Kitchen & Bath, Inc.*, No. 14-CV-1695 (ARR)(MDG), 2015 WL 1529653, at *12 (E.D.N.Y. Mar. 31, 2015).

The Second Circuit has interpreted the NYLL to preclude the award of double liquidated damages—that is, liquidated damages under both the NYLL and FLSA.  *See Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018).  Plaintiffs may therefore be awarded liquidated damages pursuant to *either* the NYLL or the FLSA and may elect the higher amount.  *See Charvac*, 2015 WL 5475531, at *4.

Because Plaintiff's damages under the NYLL are higher, I respectfully recommend that Plaintiff be awarded $61,465.00 in liquidated damages under the NYLL.

### E.    Prejudgment Interest

Plaintiff seeks prejudgment interest under the NYLL.  (Compl. ¶ (o)).  Prejudgment interest is available for underpayments under the NYLL, which in this case includes underpaid minimum wage and overtime.  *See* NYLL § 198(1-a); *Fermin*, 93 F. Supp. 3d at 30 (calculating prejudgment interest based on unpaid minimum wages, overtime pay, spread of hours pay, and misappropriated tips).

Prejudgment interest is not available for wage statement or notice violations or for liquidated damages. *Ying Ying Dai v. ABNS NY Inc.*, 490 F. Supp. 3d 645, 662 (E.D.N.Y. 2020).

In New York, prejudgment interest accrues at the statutory rate of nine percent per year.  N.Y. C.P.L.R. § 5004.  "Where…damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Id.* § 5001(b).  Courts have "wide discretion in determining a reasonable date from which to award pre-judgment interest." *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994).  "Most courts in this district calculate simple prejudgment interest in NYLL actions from the midpoint date of the claims through the date judgment is entered." *Perez Campos*, 2018 WL 9945754, at *8 (citing *Fermin*, 93 F. Supp. 3d at 49.).  Other courts have used the midpoint between the first and last dates of a plaintiff's NYLL claims. *See, e.g.*, *Hernandez v. NJK Contractors, Inc.*, 09-CV-4812 (RER), 2015 WL 1966355, at *51 (E.D.N.Y. May 1, 2015).

As Plaintiff's minimum wage and overtime wage claims under the NYLL cover the period from September 13, 2016 to September 2, 2022, the midpoint—for purposes of calculating prejudgment interest of underpayments—is September 8, 2019.  Plaintiff's combined minimum wage and overtime damages are \$61,465.00.  Prejudgment interest on those damages at a rate of nine percent per year is \$5,531.85; this is equivalent to a daily interest rate of \$15.15.  Accordingly, I respectfully recommend that Plaintiff recover prejudgment interest at a daily rate of \$15.15 from September 8, 2019 through the entry of judgment.

### F.    *Post-Judgment Interest*

Plaintiff also seeks post-judgment interest, which "shall be allowed on any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961(a); *see, e.g., Fermin*, 93 F. Supp. 3d at 53.  Accordingly, I recommend that Plaintiff be granted post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth

in 28 U.S.C. § 1961.

### G. Fifteen Percent Increase Penalty if Damages not Paid within Ninety Days

Plaintiff does not seek an automatic increase of fifteen percent for any unpaid amount of the judgment still pending after ninety days, as provided for in NYLL § 198(4). However, that provision mandates that "any judgment or court order awarding remedies under this section *shall provide* that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL § 198(4) (emphasis added); *see also Rodriguez v. Solares Corp.,* No. 16-CV-3922 (CBA)(SMG), 2018 WL 7252949, at *12 (E.D.N.Y. Aug. 14, 2018), *R&R adopted*, 2019 WL 486883 (E.D.N.Y. Feb. 7, 2019) (citing NYLL § 198(4) and applying the automatic increase of fifteen percent to all damages awarded under the NYLL not paid after ninety days). This increase is therefore awarded automatically, whether Plaintiff requests it or not.

The increase applies only to damages awarded under state law. *See id.* (recommending that the fifteen-percent increase provided for under NYLL § 198(4) be limited to amounts "awarded exclusively under the NYLL"); *see also De la Cruz Casarrubias v. Surf Ave Wine & Liquor Inc.,* No. 20-CV-3003 (AMD), 2021 WL 2227977, at *13 (E.D.N.Y. May 11, 2021), *R&R adopted*, 2021 WL 2223275 (E.D.N.Y. June 2, 2021) (citing *Solares Corp.* and limiting the fifteen-percent enhancement to damages awarded under the NYLL). Accordingly, Plaintiff's damages under the NYLL should be increased by fifteen percent if Defendants fail to timely satisfy the judgment.

## VI.  Attorneys' Fees and Costs

Prevailing plaintiffs are allowed to recover reasonable attorneys' fees and costs under both the FLSA and the NYLL. *See* 29 U.S.C. § 216(b); NYLL § 663(1).

Plaintiff requests $5,897.50 in fees and costs. (Compl. ¶ (g); Stillman Decl. ¶ 52.)

A.    *Attorneys' Fees*

District courts have broad discretion to determine attorneys' fees, and the party requesting fees must submit documentation to support its request. *Mahoney,* 2016 WL 6585810, at *18. Courts must "us[e] their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Century 21 Real Estate LLC v. Bercosa Corp.,* 666 F. Supp. 2d 274, 298 (E.D.N.Y. 2009) (quotation and citation omitted).

"[T]he lodestar [method]—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cnty. of Albany,* 522 F.3d 182, 183 (2d Cir. 2008)).  Courts determine what constitutes a reasonable hourly rate through application of "the forum rule," which states that "courts should generally use the hourly rates employed in the district in which the reviewing court sits." *Simmons v. N.Y.C. Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009) (quotations and citation omitted).  "If the Court finds that some of the time [the attorney billed] was not reasonably necessary[,] it should reduce the time for which compensation is awarded accordingly." *Mister Softee, Inc. v. Konstantakakos,* No. 15-CV-4770 (SJ)(SMG), 2016 WL 11445964, at *6 (E.D.N.Y. June 27, 2016), *R&R adopted,* 2016 WL 4250314 (E.D.N.Y. Aug. 11, 2016) (quotation and citation omitted).  "Where time entries are vague, duplicative, or otherwise inadequate, a court may make an 'across-the-board reduction, or percentage cut[ ] in the amount of hours.'" *Id.* (quoting *T.S. Haulers, Inc. v. Cardinale,* No. 9-CV-451 (SJF)(ARL), 2011 WL 344759, at *3 (E.D.N.Y. Jan. 31, 2011)).  "Inadequate documentation" is another "grounds for reduction of a fee award." *Century 21 Real Estate LLC,* 666 F. Supp. 2d at 299 (citation omitted).

1.    Hourly Rate

Plaintiff requests attorneys' fees for work done by Lina Stillman.  Attorney Stillman is the managing member of Lina Stillman Law, P.C and has practiced labor and employment law since

graduating law school in 2010, with a focus on wage-and-hour litigation. (Stillman Decl. ¶¶ 1, 49.) She billed at a rate of $350.00 per hour. (Stillman Decl. ¶ 49.)

I find that $350 per hour is a reasonable rate for an attorney of Stillman's experience in a routine FLSA case. *See, e.g.*, *Rosas v. Subsational*, No. CV 11-2811 (FB)(MDG), 2012 WL 4891595, at *10 (E.D.N.Y. Sept. 11, 2012), *R&R adopted*, 2012 WL 4866678 (E.D.N.Y. Oct. 15, 2012) (awarding an attorney with fourteen years of experience $350 per hour where "[t]he nature of the work performed . . . was relatively straightforward, particularly since the defendants defaulted, and no novel or complex issues were raised by plaintiff."); *Kliger v. Liberty Saverite Supermarket Inc.*, No. 17-CV-2520 (FB)(ST), 2018 WL 4782342, at *9 (E.D.N.Y. Sept. 7, 2018), *R&R adopted*, 2018 WL 4783964 (E.D.N.Y. Oct. 3, 2018) (awarding an attorney with over twenty years of experience $350.00 because of "the nature and complexity of the action"); *Martinez v. New 168 Supermarket LLC*, 19-CV-4526 (CBA)(SMG), 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020), *R&R adopted*, 2020 WL 5259056 (E.D.N.Y. Sept. 3, 2020) (finding hourly rates ranging from $300.00 to $450.00 for partners in FLSA cases to be reasonable and collecting cases).

2.  Reasonableness of Time Billed

Plaintiff requests attorneys' fees for 16.85 hours of Stillman's work. (Dkt. 31.4.)

"[T]o determine whether the number of hours spent by Plaintiff's counsel was reasonable, the Court must 'use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case.'" *Litkofsky v. P & L Acquisitions, LLC*, No. CV 15-5429 (DRH)(AKT), 2016 WL 7167955, at *10 (E.D.N.Y. Aug. 19, 2016), *R&R adopted*, 2016 WL 7168069 (E.D.N.Y. Dec. 8, 2016) (quoting *Fox Indus., Inc. v. Gurovich*, No. 03-CV-5166 (TCP)(WDW), 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005). Plaintiff submitted contemporaneous time sheets showing work performed in this case from August 23, 2022 to September 25, 2022. (Billing Hours, Dkt. 31.4.)

21

In determining a reasonable number of hours, district courts should "exclude excessive, redundant or otherwise unnecessary hours." *Quarantino v. Tiffany & Co.,* 166 F.3d 422, 425 (2d Cir. 1999). Counsel billed a total of 16.85 hours for communicating with the client (9.05 hours), drafting motions and supporting documents and legal research (5.8 hours), and service calls and filing for certification of default (2.0 hours). (Billing Hours, Dkt. 31.4.)  Based on the descriptions provided, hours billed for each task are reasonable. *Id.*  Moreover, none of the tasks appear to be administrative. (Billing Hours, Dkt. 31.4.); *see Callari v. Blackman Plumbing Supply, Inc.,* No. 11-CV-3655 (ADS)(AKT), 2020 WL 2771008, at *12 (E.D.N.Y. May 4, 2020), *R&R adopted*, 2020 WL 2769266 (E.D.N.Y. May 28, 2020) (indicating that tasks like "review[ing] electronic orders and case management orders, [and] fil[ing] documents on ECF . . . should have been conducted by a paralegal" and therefore subtracting those hours).  Accordingly, I respectfully recommend that Plaintiff be granted $5,897.50 in attorneys' fees.

### B.    Costs

 "Costs relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable." *Hernandez v. Delta Deli Market Inc.,* No. 18-CV-00375 (ARR)(RER), 2019 WL 643735, at *10 (E.D.N.Y. Feb. 12, 2019) (quoting *Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008)).  However, only costs that are tied to "identifiable, out-of-pocket disbursements" are recoverable. *Kuzma v. IRS,* 821 F.2d 930, 933–34 (2d Cir.1987).

Plaintiff submitted invoices for service fees of $69.00 for initial service of the summons and complaint on Defendant Hollis Deli and Grill Corp. and $170.00 ($85.00 for each entity) for service of the First Amended Complaint on the New York Secretary of State on behalf of Hollis Delicatessen Corp. and Hollis Deli. & Grill Corp.  (Dkts. 33-1, 33-6.)    These costs total $239.00.  Plaintiff also includes invoices for service on dismissed defendants Sayad Mokbel and Abdulrab Yafei. (Dkts. 33-1–33-5)  However, Defendants are only responsible for the costs of service upon themselves, not

22

service on the now-dismissed defendants.  *See Hernandez*, 2019 WL 643735, at *10 (finding that a corporate defendant was not responsible for costs of service on dismissed defendants.)

I also take judicial notice of the filing fee of $402.00.  *See Joe Hand Promotions, Inc. v. Bernal*, No. 18-CV-85 (ILG)(SJB), 2019 WL 885930, at *6 (E.D.N.Y. Feb. 22, 2019) (awarding plaintiff the $400 filing fee after taking judicial notice of the fee).  Accordingly, I respectfully recommend that Plaintiff be awarded $641.00 in costs.

## VII.  <u>Joint and Several Liability</u>

When multiple defendants are found to be a plaintiff's employer, "each [d]efendant is jointly and severally liable under the FLSA and NYLL for any damages awards made in [that][p]laintiff['s] favor."  *Fermin*, 93 F. Supp. 3d at 37; *see also Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 685–86 (S.D.N.Y. 2011) (holding that a plaintiff's allegations that an individual defendant "was an owner, partner, or manager" of the corporate defendant, "coupled with [d]efendants' default, suffice to . . . impose joint and several liability on each [defendant] for their respective violations of the wage laws." (quotation and citation omitted)).

As discussed above, Defendants are a single integrated enterprise.  Therefore, I respectfully recommend that Defendants be held jointly and severally liable for their violations of the FLSA and NYLL.

<u>**CONCLUSION**</u>

Based on the foregoing, I respectfully recommend that the Motion be denied as to minimum wage violations under the FLSA and spread of hours violations under the NYLL, but granted in all other respects.  Specifically, I find that Defendants failed to pay Plaintiff the minimum wage under the NYLL, failed to pay Plaintiff at an overtime rate for hours worked over forty per week, and failed to provide Plaintiff with pay statements or a wage notice.  I respectfully recommend that damages be awarded under the NYLL as follows:

- $18,720.00 for unpaid minimum wages;

- $42,745.00 for unpaid overtime wages;

- $5,000.00 for failure to provide a wage notice;

- $5,000.00 for failure to provide wage statements;

- $61,465.00 in liquidated damages;

- $5,897.50 in attorneys' fees; and

- $641.00 in costs.

I further recommend that prejudgment interest be awarded at a daily rate of $15.15 for Plaintiff's minimum wage and overtime wage claims from September 8, 2019 until the date of judgment. In addition, post-judgment interest shall accrue thereafter until payment of the judgment amount, and a fifteen-percent penalty shall apply if damages under the NYLL are not paid within ninety days of judgment or the expiration of time to appeal.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO RECOMMENDED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:    Brooklyn, New York
          August 22, 2024