UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                      :

**PATRICIA CASTILLO**,

                    Plaintiff,

                          **ORDER ADOPTING REPORT**
                          **AND RECOMMENDATION**
   – against –

                          22-CV-5476 (AMD) (PK)

**HOLLIS DELICATESSEN CORP. AND
HOLLIS DELI & GRILL CORP. (DBA
HOLLIS DELI)**,

                    Defendants.
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

        The plaintiff commenced this action on September 13, 2022 against the defendants, her former employers, for minimum wage violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), overtime violations under the FLSA and the NYLL, failure to pay spread of hours compensation under NYLL, failure to provide payroll notices under NYLL § 195(1), and failure to provide wage statements under NYLL § 195(3). (ECF No. 21.)

        The defendants did not answer or otherwise appear. The Clerk of Court entered a default on August 23, 2023. (ECF No. 30.) On September 11, 2023, the plaintiff filed a motion for default judgment. (ECF No. 31.) On September 12, 2023, the Court referred the motion to Magistrate Judge Peggy Kuo. (*ECF Order dated Sept. 12, 2023*.) On August 22, 2024, Judge Kuo issued a comprehensive Report and Recommendation in which she found that the defendants failed to pay the plaintiff the minimum wage under the NYLL, failed to pay the plaintiff at an overtime rate for hours worked over forty per week, and failed to provide the plaintiff with pay statements or a wage notice. (ECF No. 34 at 23–24.) Judge Kuo

recommended that the plaintiff's motion be denied in part as to the minimum wage violations under the FLSA and the spread of hours violations under the NYLL, but granted in all other respects. (*Id.*) Judge Kuo recommended that the Court award the plaintiff damages under the NYLL as follows: (1) $18,720.00 for unpaid minimum wages; (2) $42,745.00 for unpaid overtime wages; (3) $5,000.00 for failure to provide a wage notice; (4) $5,000.00 for failure to provide wage statements;[1] (5) $61,465.00 in liquidated damages; (6) $5,897.50 in attorneys' fees; and (7) $641.00 in costs. (*Id.*) Judge Kuo further recommended that the Court award prejudgment interest at a daily rate of $15.15 for the plaintiff's minimum wage and overtime wage claims from September 8, 2019 until the date of judgment, and that post-judgment interest will accrue thereafter until payment of the judgment amount, with a fifteen-percent penalty if damages under the NYLL are not paid within ninety days of judgment or the expiration of time to appeal. (*Id.* at 24.)

No objections have been filed to the Report and Recommendation, and the time for doing so has passed.

---

[1] The Second Circuit has recently clarified that "a plaintiff cannot rely on technical violations of the Labor Law but must allege actual injuries suffered as a result of the alleged wage notice and wage statement violations." *Guthrie v. Rainbow Fencing Inc.*, No. 23-350, 2024 WL 3997427, at *3 (2d Cir. Aug. 30, 2024) (internal quotations omitted). "[A] plaintiff must show some causal connection between the lack of accurate notices and the downstream harm." *Id.* at *5. As Judge Kuo correctly reasoned in the Report and Recommendation, the plaintiff has standing for her wage notice and wage statement violations because the plaintiff has shown a causal connection between the lack of accurate notices from the defendants and downstream harm. The plaintiff alleges that the defendants "were able to hide their violations of wage and hour laws and take advantage of Plaintiff's relative lack of sophistication by failing to provide her with wage information." (ECF No. 34 at 14–15 (citing ECF No. 21 ¶ 61).) *See Kaur v. Natasha Accessories Ltd.*, No. 23-CV-6948, 2024 WL 3429129, at *4 (S.D.N.Y. July 16, 2024) ("Kaur plausibly alleges that her wage statements showed fewer hours than what she actually worked, which prevented her from determining and seeking payment for the precise amount of her unpaid wages and she was thus harmed by being deprived of her income for longer than she would have been had she been able to timely raise her underpayment earlier. This financial harm is a tangible downstream consequence of the failure to receive required information."); *Guthrie*, 2024 WL 3997427, at *5 n.4 (citing *Kaur* favorably).

2

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quotation marks omitted).

I have carefully reviewed Judge Kuo's thorough and well-reasoned Report and Recommendation and find no error.  Accordingly, I adopt the Report and Recommendation in its entirety and order that the plaintiff's motion for default judgment is granted in part and denied in part.  The plaintiff is awarded: (1) $18,720.00 for unpaid minimum wages; (2) $42,745.00 for unpaid overtime wages; (3) $5,000.00 for failure to provide a wage notice; (4) $5,000.00 for failure to provide wage statements; (5) $61,465.00 in liquidated damages; (6) $5,897.50 in attorneys' fees; and (7) $641.00 in costs.  Prejudgment interest is awarded at a daily rate of $15.15 for the plaintiff's minimum wage and overtime wage claims from September 8, 2019 until the date of judgment, and post-judgment interest will accrue thereafter until payment of the judgment amount, with a fifteen-percent penalty if damages under the NYLL are not paid within ninety days of judgment or the expiration of time to appeal.

**SO ORDERED.**

                                                          s/Ann M. Donnelly

                                                          ANN M. DONNELLY
                                                          United States District Judge

Dated: Brooklyn, New York
        September 6, 2024